IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| ex rel. BRANDON MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11 C 3446 |
| | ) | |
| DAVE REDNOUR, Warden, | ) | |
| Menard Correction Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Brandon Martin has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court denies Martin's petition and declines to issue a certificate of appealability.

### Background

On August 29, 2007, Martin entered a negotiated plea of guilty to charges of aggravated arson, and an Illinois state court judge sentenced him to ten years in prison. At the plea hearing, the judge informed Martin, "So you know, it is ten years in the Illinois Department of Corrections. You know that you are charged with, aggravated arson, and you know the possible sentences are six to thirty. And three years mandatory supervised release, upon your release from prison. All right?" Resp.'s Reply, Ex. E at 2. Martin responded, "Yes, sir." *Id*. The judge followed up by asking, "Knowing all these things, you still want to plead guilty?," and Martin replied that he did.

*Id.*

After admonishing Martin of the rights he would waive by pleading guilty, the judge accepted Martin's guilty plea, found him guilty of aggravated arson, and sentenced him to ten years imprisonment. When imposing the sentence, the judge did not repeat his earlier reference to mandatory supervised release.

On November 18, 2008, Martin filed a *pro se* petition in the Circuit Court of Cook County seeking relief from judgment pursuant to 735 ILCS 5/2-1401. He alleged that he was denied the benefit of his plea bargain because the sentencing judge failed to properly admonish him of the three-year mandatory supervised release (MSR) term that was added to his sentence under Illinois law. On February 11, 2009, the circuit court dismissed Martin's petition. The state appellate court affirmed the circuit court's decision. The court ruled that although the preferred practice is to expressly include MSR in the judgment order, the law required only that the sentencing judge advise the defendant that his sentence would include a term of MSR after imprisonment. It concluded that the trial judge had satisfied this requirement. Resp.'s Reply, Ex. E at 5-6. On January 26, 2011, the Illinois Supreme Court denied Martin's petition for leave to appeal.

Martin then filed the present federal habeas corpus petition. He alleges that the trial court denied him due process in connection with his guilty plea by failing to admonish him regarding the MSR term that would be added to his sentence. In response, warden Dave Rednour argues that the Court should deny Martin's habeas petition because no clearly established Supreme Court precedent entitled him to an admonition regarding his MSR term.

**Discussion**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner may obtain a writ of habeas corpus with regard to a claim adjudicated on its merits in state court only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's decision involves an unreasonable application of federal law when the "state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of a given case." *Bell v. Cone*, 535 U.S. 685, 694 (2002). The focus of the reasonableness inquiry is on whether the state court's application of federal law was objectively unreasonable, rather than merely incorrect. *Id*.

Citing *Santobello v. New York*, 404 U.S. 257 (1971), Martin contends that as a result of the trial court's alleged failure to advise him of the MSR term that would be added to his sentence, he was denied the benefit of the bargain he made in his plea agreement, in violation of the Fourteenth Amendment's Due Process Clause. This claim fails because "there is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter into a plea of guilty." *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006). In fact, the

Supreme Court "expressly declined to decide such an issue in the very similar context of parole." *Id*. (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) and *Lane v. Williams*, 455 U.S. 624, 630 n. 9 (1982)). Without any established Supreme Court precedent to rely on, Martin is presented with an "impossible hurdle" in that he cannot establish that the state court's decision was contrary to, or involved an unreasonable application of clearly established U.S. Supreme Court law because no such law exists. *Id*. Accordingly, the Court must deny Martin's petition.

In any event, Martin's claim also fails because the sentencing judge *did inform* him that a term of MSR would be added to his sentence. *See* Resp.'s Reply, Ex. E at 2. Martin expressly affirmed that he still wanted to plead guilty even after the judge told him that he faced a three-year MSR term. *Id*. The judge's failure to mention a MSR term later in the hearing, when he imposed sentence, did not deprive Martin of the benefit of his bargain because MSR was an express part of the bargain.

The Court next considers whether to grant Martin a certificate of appealability, which is required in order for a petition to appeal an adverse judgment in a section 2254 habeas corpus case. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability a petitioner must make a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a court has rejected the petitioner's constitutional claims on the merits, as the Court did here, it may issue a certificate of appealability only if the petitioner has demonstrated that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a certificate of appealability in this case because, given *Lockhart*, reasonable jurists could not find the Court's ruling to be debatable or

wrong.

## Conclusion

For the reasons stated above, the Court directs the Clerk to enter judgment denying the petition for a writ of habeas corpus. The Court declines to issue a certificate of appealability.

```
                                _____
                                    MATTHEW F. KENNELLY
                                    United States District Judge
```

Date: March 5, 2012